IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS L ALEXANDER BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| MERCEDES-BENZ U.S. INTERNATIONAL, INC., | ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

I.   **JURISDICTION AND VENUE**

1. This Court has jurisdiction over claims of Federal Question under 28 U.S.C. § 1331 and over claims to redress Civil Rights violations under 28 U.S.C. § 1343(a)(4). This lawsuit for discriminatory and retaliatory employment practices based on race is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C.§ 1981.

2. Plaintiff invokes the jurisdiction of this Court to secure protection for and to redress the deprivation of rights secured by Title VII and § 1981, seeking injunctive and other relief against discrimination and retaliation because of or motivated by race.

3. Venue is proper within the Western Division of the Northern District of Alabama. At all relevant times, Defendant employed Plaintiff in Vance, Alabama.

## II. PARTIES

4. Plaintiff, Dennis Alexander Bey ("Alexander Bey" or "Plaintiff") is a Black adult resident of Alabama and a citizen of the United States.

5. Defendant, Mercedes-Benz U.S. International, Inc. ("Mercedes" or "Defendant") is a corporation organized under the laws of the state of Alabama that at all relevant times was authorized to do business and was doing business in Vance, Alabama.

6. At all times relevant to this action, Mercedes employed Alexander Bey, making Mercedes an "employer" for the purpose of Title VII and § 1981.

7. Mercedes employed at least fifteen (15) persons for each working day during each twenty (20) or more calendar work weeks in the current or preceding calendar year.

## III. CONDITIONS PRECEDENT

8. On June 6, 2024, within 180 days of a discriminatory and retaliatory employment decision and change to the terms and conditions of Plaintiff's employment, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 420-2024-03131 (See attached Exhibit 1).

9. After engaging counsel, Plaintiff filed an amended charge on October 20, 2024. (See attached Exhibit 2).

10. The EEOC issued a Determination and Notice of Rights dated September 5, 2025 that Alexander Bey received via portal download thereafter. (See attached Exhibit 3).

11. Plaintiff timely files this lawsuit within 90 days of receipt of the Determination and Notice of Rights.

12. Plaintiff has fulfilled all conditions precedent under Title VII.

**IV.   FACTUAL ALLEGATIONS**

13. Alexander Bey is a Black male, or African ancestry and identifies as Morrish.

14. Plaintiff began working for MBUSI around December of 2012.

15. In 2011, Plaintiff worked at MBUSI through a temporary agency.

16. Plaintiff began experiencing a racially hostile work environment while working on the assembly line as early as 2011.

17. In 2011, a White employee, Matthew Smith, took actions to sabotage any Black employee who had seniority over him.

18. In December of 2012, Plaintiff complained about Smith to his managers, David Oliver and Rusty Jones.

19. Jones and Oliver are White.

20. MBUSI took no action in response to Alexander Bey's complaint or at least did not make Alexander Bey aware of any action.

21. In 2013 or 2014, after he had lodged multiple complaints about discriminatory treatment on assembly, MBUSI moved Plaintiff to the "Body Shop".

22. At the same time, MBUSI also moved Plaintiff to the "B shift."

23. On B shift in the Body Shop, Plaintiff's was assigned to his first Black Group Leader.

24. That Group Leader was the first to rate Plaintiff in his performance reviews as ready for promotion.

25. That Group Leader also told Plaintiff that his prior assistant manager, Rusty Jones, who is White, labeled Plaintiff as a "trouble maker."

26. In November of 2023, Marcus Jones, Plaintiff's Group Leader encouraged Plaintiff to apply for a Team Leader position.

27. Team Leaders make one dollar more per hour than team members.

28. Marcus Jones informed MBUSI that Alexander Bey and another Black man, Andrew Threat would be applying for the position.

29. MBUSI never listed the position, preventing both Black men from applying.

30. MBUSI transferred John Sellers, to the position.

31. Sellers is White.

32. Another MBUSI employee, a Black female had previously filed a race complaint against Sellers.

33. Once in the position of Team Lead, Sellers made an inappropriate racial joke about a Black male employee who declined overtime work.

34. Sellers stated that if he did not need the overtime, he must be a "drug dealer."

35. During the same time, MBUSI lowered manpower from the B-Shift Body Shop – the only shift and line managed by a Black group leader (Marcus Jones).

36. The manpower change resulted in many of the Black employees being moved from the Body Shop.

37. After the number of Black employees in the Body Shop decreased, MBUSI encouraged Marcus Jones to step down from his Group Leader role to a team member position.

38. The step down would be a two-step demotion.

39. Alexander Bey and another Black employee, Cory Jones, heard a White Body Shop Assistant Manager (Jason Vick) make at least one derogatory statement about Marcus Jones.

40. Vick stated "If Marcus Jones does anything right, I will suck two dicks."

41. After Alexander Bey filed his original EEOC charge in June of 2024, MBUSI moved Sellers (White) from the B Shift Body Shop Team Leader and replaced him with Brandon Sledge, a Black male.

42. Alexander Bey specifically works on an Underbody line within the Body Shop.

43. Underbody has two lines.

44. During the time Plaintiff filed his EEOC charge, MBUSI maintained racially segregated lines in Underbody.

45. The line Plaintiff worked on was all Black employees, except for one White skilled laborer, a welder.

46. The other line was all White.

47. MBUIS recently went through a failed Union push.

48. One of the main issues brought up by advocates of the Union was racial tension.

49. Many Black employees who wanted the Union so they could have a voice in management.

50. Just before the failed Union vote, MBUSI replaced the President and CEO with Federico Kochlowski, a White male that promised a more "open door" and "team oriented" workplace.

51. The White skilled laborer on Plaintiff's line, the welder, complained via e-mail to Kochlowski about racial slurs and the discriminatory treatment of Black employees.

52. In August of 2024, Alexander Bey sent a letter to Kochlowski discussing the "good old boy" White management.

53. The letter discussed that Marcus Jones, a Black man, was stripped of his manpower compared to White Group Leaders.

54. Plaintiff stated in the complaint that Black employees were being forced to work in more difficult situations and not able to complete tasks because of the discriminatory treatment.

55. Plaintiff complained that the work environment was hostile and riddled with racial hostility.

56. Throughout his employment, Alexander Bey has heard racial slurs like "nigger" and "monkey" and has seen swastikas around the facility.

57. On one occasion, Plaintiff overheard a White man say "If you want to see how fast a nigger run, put meat on his back and let a dog chase him., You will have your very own dog track."

58. Plaintiff cannot identify specific dates and times of the racial comments because of the commonality of the occurrences.

59. He estimates that over the course of his 14 years of employment (at the time of the EEOC charge), he had been told at least five statements a year.

60. He estimated an increase of at least one statement a month for the months of April 2024 through October 2024.

61. In addition to enduring the racial statements, MBUSI forces Plaintiff and other Black employees to work on machinery labeled "slave" and "master" depending on their job function.

62. Using the terms "slave" and "master" are racially offensive.

63. Alexander Bey invited Kochlowski to come to the Underbody line so the employees could explain the issues with discriminatory treatment, but Kochlowski has not addressed Plaintiff's concerns.

64. Because of the volume of discriminatory and hostile environment complaints, a whistleblower investigation occurred.

65. Alexander Bey met with the investigators and provided details of events and witnesses.

66. After several months, Plaintiff had not received any information about the outcome of the investigation.

67. MBUSI recognizes federal holidays.

68. Employees are allowed to volunteer to work on some holidays for double time plus compensatory time.

69. Juneteenth is a federal holiday celebrated on June 19th commemorating the date the last enslaved people learned of their freedom in Texas from the Union soldiers.

70. In 2025, MBUSI "observed" Juneteenth on Friday, June 20th, not on June 19th.

71. MBUSI observes other holidays on the actual date of the holiday

72. Employees who worked on June 19th did not receive the incentive pay.

73. Around March of 2025, Alexander Bey received a new group leader, Jamie Watkins, who is White.

74. Plaintiff explained to Watkins that he believed his line had been discriminated against including setup and staffing.

75. Alexander Bey has also observed MBUSI management allow White employees to violate policies without repercussions while targeting Black employees.

76. MBUSI seems to resolve complaints or issues raised by White employees quickly, while ignoring the same or similar issues raised by Black employees.

77. On August 19, 2025, Mike Johnson, a White Team Leader sent a group text to multiple team leaders including Brandon Sledge who is Black.

78. The text message asked if another Team Leader had a "slave hammer."

79. When Brandon Sledge asked what he meant and if he meant sledge hammer, Johnson edited the text to change the word slave to sledge.

V.   **STATEMENT OF PLAINTIFF'S CLAIMS**

**COUNT ONE**
**TITLE VII – RACE DISCRIMINATION**

9

80. Plaintiff adopts and realleges the allegations of paragraphs 1-79 as if fully set forth herein.

81. Defendant discriminated against Alexander Bey in the terms and conditions of his employment, because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq., by among other things, not posting a Team Leader position for internal application, employing him on a racially segregated line.

82. Plaintiff's race was a motivating factor in Defendant's differential treatment of Plaintiff and other Black employees.

83. Because of Defendant's unlawful and discriminatory conduct, Plaintiff suffered damages including, but not limited to, lost wages and benefits, embarrassment, humiliation, shame, damages to professional reputation, and emotional pain and anguish.

84. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

85. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful practices set forth herein unless enjoined by this Court

**RELIEF**

WHEREFORE, PREMISES CONSIDERED, Alexander Bey requests this Court assume jurisdiction of this cause of action and award the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII;

b. Grant Plaintiff a permanent injunction enjoining Defendant's, their agents, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII;

c. Grant Plaintiff an Order requiring Defendant to make him whole by granting appropriate declaratory relief, backpay, compensatory damages (including damages for mental anguish), punitive damages, interest attorney's fees, expenses, and costs; and

d. Grant Plaintiff such other, further, different, or additional relief and benefits as justice may require.

## COUNT TWO
## TITLE VII – RACIALLY HOSTILE WORK ENVIRONMENT

86. Plaintiff adopts and realleges the allegations of paragraphs 1-79 as if fully set forth herein.

87. Defendant has not take preventative or prompt remedial action to protect Plaintiff from harassment because of or motivated by his race.

88. Plaintiff has experienced racial slurs, racially derogatory comments that were unwelcome and unwanted.

89. Plaintiff experienced racially derogatory comments, racial slurs and racially harassing on a frequent basis of at least five times a year and as often as monthly during a six month period.

90. Because of Defendant's unlawful and discriminatory conduct, Plaintiff suffered damages including, but not limited to, lost wages and benefits, embarrassment, humiliation, shame, damages to professional reputation, and emotional pain and anguish.

91. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

92. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful practices set forth herein unless enjoined by this Court

## RELIEF

WHEREFORE, PREMISES CONSIDERED, Alexander Bey requests this Court assume jurisdiction of this cause of action and award the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by 42 U.S.C. § 1981;

b. Grant Plaintiff a permanent injunction enjoining Defendant's, their agents, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating 42 U.S.C. § 1981;

c. Grant Plaintiff an Order requiring Defendant to make him whole by granting appropriate declaratory relief, backpay, compensatory damages (including damages for mental anguish), punitive damages, interest attorney's fees, expenses, and costs; and

d. Grant Plaintiff such other, further, different, or additional relief and benefits as justice may require.

## COUNT THREE
## § 1981 RACE DISCRIMINATION

93.  Plaintiff adopts and realleges the allegations of paragraphs 1-79 as if fully set forth herein.

94.  Defendant discriminated against Alexander Bey in the terms and conditions of his employment, because of his race, in violation of 42 USC § 1981 by among other things, not posting a Team Leader position for internal application, and hand-selecting a White employee, and employing him on a racially segregated line.

95. Because of Defendant's unlawful and discriminatory conduct, Alexander Bey suffered damages including, but not limited to, lost wages and benefits, embarrassment, humiliation, shame, damages to professional reputation, and emotional pain and anguish.

96. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

97. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful practices set forth herein unless enjoined by this Court

## RELIEF

WHEREFORE, PREMISES CONSIDERED, Alexander Bey requests this Court assume jurisdiction of this cause of action and award the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by § 1981.

b. Grant Plaintiff a permanent injunction enjoining Defendant's, their agents, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating § 1981;

    c. Grant Plaintiff an Order requiring Defendant to make him whole by granting appropriate declaratory relief, backpay, compensatory damages (including damages for mental anguish), punitive damages, interest attorney's fees, expenses, and costs; and

    d. Grant Plaintiff such other, further, different, or additional relief and benefits as justice may require.

## COUNT FOUR
## 1981 – RACIALLY HOSTILE WORK ENVIRONMENT

98. Plaintiff adopts and realleges the allegations of paragraphs 1-79 as if fully set forth herein.

99. Defendant has not take preventative or prompt remedial action to protect Plaintiff from harassment because of or motivated by his race.

100. Plaintiff has experienced racial slurs, racially derogatory comments that were unwelcome and unwanted.

101. Plaintiff experienced racially derogatory comments, racial slurs and racially harassing on a frequent basis of at least five times a year and as often as monthly during a six-month period.

102. Because of Defendant's unlawful and discriminatory conduct, Plaintiff suffered damages including, but not limited to, lost wages and benefits, embarrassment, humiliation, shame, damages to professional reputation, and emotional pain and anguish.

103. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

104. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful practices set forth herein unless enjoined by this Court

## RELIEF

WHEREFORE, PREMISES CONSIDERED, Alexander Bey requests this Court assume jurisdiction of this cause of action and award the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by 42 U.S.C. § 1981;

b. Grant Plaintiff a permanent injunction enjoining Defendant's, their agents, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating 42 U.S.C. § 1981;

c. Grant Plaintiff an Order requiring Defendant to make him whole by granting appropriate declaratory relief, backpay, compensatory damages (including damages for mental anguish), punitive damages, interest attorney's fees, expenses, and costs; and

d. Grant Plaintiff such other, further, different, or additional relief and benefits as justice may require.

## COUNT FIVE
## TITLE VII – RETALIATION AND RETALIATORY HOSTILE WORK ENVIRONMENT

105. Plaintiff adopts and realleges the allegations of paragraphs 1-79 as if fully set forth herein.

106. Plaintiff engaged in protected activity under Title VII when he complained of differential treatment in the terms and conditions of his employment, including the hostile work environment.

107. Plaintiff also engaged in protected activity by filing an EEOC charge.

108. After Plaintiff complained, the conduct has continued, including increasing Plaintiff's workload, including staffing and tools, ignoring his complaints.

109. Defendant's conduct after Plaintiff's protected activity would have dissuaded a reasonable working from making complaints.

110. Defendants retaliated against Alexander Bey because he engaged in conduct protected under Title VII.

## RELIEF

WHEREFORE, PREMISES CONSIDERED, Alexander Bey requests this Court assume jurisdiction of this cause of action and award the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII;

b. Grant Plaintiff a permanent injunction enjoining Defendant's, their agents, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII;

c. Grant Plaintiff an Order requiring Defendant to make him whole by granting appropriate declaratory relief, backpay, compensatory damages (including damages for mental anguish), punitive damages, interest attorney's fees, expenses, and costs; and

d. Grant Plaintiff such other, further, different, or additional relief and benefits as justice may require.

## COUNT SIX
## § 1981 – RETALIATION AND RETALIATORY HOSTILE WORK ENVIRONMENT

111. Plaintiff adopts and realleges the allegations of paragraphs 1-79 as if fully set forth herein.

112. Plaintiff engaged in protected activity under 42 U.S.C. § 1981 when he complained of differential treatment in the terms and conditions of his employment, including the hostile work environment.

113. Plaintiff also engaged in protected activity by filing an EEOC charge which included complaints of race discrimination and harassment.

114. After Plaintiff complained, the conduct has continued, including increasing Plaintiff's workload, including staffing and tools, ignoring his complaints.

115. Defendant's conduct after Plaintiff's protected activity would have dissuaded a reasonable working from making complaints.

116. Defendants retaliated against Alexander Bey because he engaged in conduct protected under Title VII.

**RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Court assume jurisdiction of this cause of action and award the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by § 1981;

b. Grant Plaintiff a permanent injunction enjoining Defendant's, their agents, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating § 1981;

c. Grant Plaintiff an Order requiring Defendant to make him whole by granting appropriate declaratory relief, backpay, compensatory damages (including damages

for mental anguish), punitive damages, interest attorney's fees, expenses, and costs; and

    d.  Grant Plaintiff such other, further, different, or additional relief and benefits as justice may require.

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY
ON ALL CLAIMS SO TRIABLE**

                Respectfully submitted,

                /s/ Leslie A. Palmer
                ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
2 North 20th Street, Suite 900
Birmingham, AL 35203
(205) 285-3050
leslie@palmerlegalservices.com


DEFENDANT TO BE SERVED AS FOLLOWS:

Mercedes-Benz U.S. International, Inc.
C/O W. Steven Nichols or other Agent
1 Mercedes Drive
Vance, AL 35490